# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN S. MILLER,<br><br>Petitioner,<br><br>v.<br><br>ATASCADERO STATE HOSPITAL,<br><br>Respondent. | Case No. 1:20-cv-00424-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION REGARDING DUPLICATIVE PETITION<br><br>(FOURTEEN-DAY DEADLINE) |

 Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

 On March 23, 2020, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner challenges his current sentence of 27 years as ordered by the Orange County Superior Court in 2008. It has come to the Court's attention that Petitioner is already proceeding with a petition challenging his current sentence in Miller v. Warden of Valley State Prison, Case No. 1:19-cv-1915-JDP (HC). In that case, Petitioner filed a First Amended Petition on March 12, 2020, and the matter is currently awaiting a response from Respondent.

 "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have

'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

Normally, "where a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008). However, in this case, the newly-filed petition was signed and dated on January 26, 2020, whereas the First Amended Petition was signed and dated on March 2, 2020. It is unclear why the January petition was submitted and filed after the March petition, but it appears the petition was either delayed or submitted in error and is not an attempt to amend. Therefore, the Court finds that the instant petition should be dismissed as duplicative.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as duplicative.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 25, 2020**          /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE